### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE

MELISSA BORRETT, individually
and on behalf of all others similarly situated,

        Plaintiff,

        v.

AHS MANAGEMENT COMPANY, INC.,
D/B/A ARDENT HEALTH SERVICES

        Defendant.

No. 3:26-cv-1089

JURY TRIAL DEMANDED

District Judge Crenshaw

Magistrate Judge Evans

### PLAINTIFF'S MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE UNREDACTED COPY OF COMPLAINT EXHIBIT A UNDER SEAL

Plaintiff Melissa Borrett ("Plaintiff"), by and through her undersigned counsel, moves the Court for leave for Plaintiff to file an unredacted copy of Exhibit A to her Class Action Complaint ("Complaint") under seal. In support thereof, Plaintiff states as follows:

Plaintiff filed her Complaint against Defendant AHS Management Company, Inc., d/b/a Ardent Health Services ("Defendant") on July 30, 2026, alleging that Defendant violated the Electronic Communications Protection Act of 1986 ("ECPA"), 18 U.S.C. § 2511 *et seq.*, and Tennessee common law by installing and configuring tracking tools to intercept and disclose Plaintiff's private healthcare communications for the purpose of sharing her protected health information ("PHI") with unauthorized third parties in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d *et seq.* [*See* Dkt. 1.]

Local Rule 5.03 states, "Any party requesting that documents or portions of documents be sealed must file a motion for leave to file the document(s) under seal in accordance with Section 5.07 of Administrative Order No. 167-1 . . . and LR 7.01." LR 5.03. Local Rule 5.03 further provides that the motion for leave to file documents under seal must "demonstrate compelling

reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." Section 5.07 of Administrative Order No. 167-1 states that:

> A party seeking to file documents under seal must (1) electronically file a motion for leave of Court to do so via the Court's Electronic Filing System; and (2) by separate entry immediately thereafter, submit the proposed sealed documents by selecting the "Sealed Document" event option in the Court's Electronic Filing System.

Admin. Order No. 167-1 § 5.07. Finally, Local Rule 7.01 describes the parties' responsibility to confer and the Court's motion briefing rules. LR 7.01.

In this case, Defendant intercepted and transmitted Plaintiff's PHI to third parties in the form of long-URLs and healthcare activity data. The specific URLs and activity data about Ms. Borrett's prospective healthcare that Defendant transmitted to third parties are identified in the unredacted copy of Exhibit A to Plaintiff's Complaint. Accordingly, the unredacted copy of Exhibit A contains Plaintiff's PHI, which is confidential and may not be publicly disclosed.

Plaintiff's interest in maintaining the privacy of her PHI outweighs any public interest in the accessibility of this information, and Plaintiff has included only the paragraph of her Complaint which contains her PHI in the unredacted copy of Exhibit A that she seeks to seal. As required by LR 5.03(e), Plaintiff has filed a redacted copy of Exhibit A on the public docket. [Dkt. 1-1.] The rest of her Complaint has been filed publicly. Accordingly, her request is narrowly tailored to protect her PHI. *See, e.g., Bodenhamer v. Metro. Life Ins. Co.*, 2021 WL 6275231, \*2 (E.D. Tenn. Feb. 2, 2021) (granting the plaintiff's motion to seal documents containing PHI because they "contain personal identifiers and private health information which, standing alone, provide little meaning or benefit to the general public"); *Doe v. Brentwood Acad. Inc.*, 578 S.W.3d 50, 54 (Tenn. Ct. App. 2018) (stating that "medical records are universally recognized as confidential"). This

2

State's strong public policy of protecting individuals' health records and PHI is further demonstrated by the Court's Notice Regarding Privacy and Public Access to Electronic Case Files, which warns litigants to "exercise caution when filing documents that contain . . . medical records, treatment and diagnosis[.]" Accordingly, compelling reasons exist to allow Plaintiff to file Exhibit A under seal, and Plaintiff's request to file Exhibit A under seal is narrowly tailored to preserve her interest in maintaining the privacy of her PHI.

Plaintiff's counsel have not been able to confer with counsel for Defendant regarding the relief requested in this motion under LR 7.01(a)(1). Plaintiff filed this motion shortly after the filing of her Complaint, and to the knowledge of Plaintiff's counsel, Defendant has not yet retained counsel in connection with this matter. Plaintiff will immediately submit the proposed sealed document by selecting the "Sealed Document" event option in the Court's Electronic Filing System as required by section 5.07 of Administrative Order No. 167-1. Sealing the unredacted copy of Exhibit A will not impede public access to the case's substantive issues, as Plaintiff describes the contents and relevance of Exhibit A without disclosing sensitive details in her Complaint and in this motion, as well as filing a redacted copy of Exhibit A on the public docket. This balances Plaintiff's privacy with the public's right to access judicial proceedings.

**WHEREFORE**, Plaintiff hereby moves for an Order: (a) granting this motion to seal the unredacted copy of Exhibit A and permitting Plaintiff to file the unredacted copy of Exhibit A to her Complaint under seal; (c) directing the Clerk of Court to maintain the unredacted copy of Exhibit A under seal, accessible only to the Court and parties via CM/ECF; and (d) granting such other relief as the Court deems just and proper.

Date: July 31, 2026

Respectfully submitted,

*/s/ N. Chase Teeples*
Charles P. Yezbak, III (TN BPR # 018965)
Melody Fowler-Green (TN BPR # 023266)
N. Chase Teeples (TN BPR # 032400)
YEZBAK LAW
2901 Dobbs Ave.
Nashville, TN 37211
(615) 250-2000
yezbak@yezbaklaw.com
mel@yezbaklaw.com
teeples@yezbaklaw.com

James B. Zouras* (IL BPR # 6230596)
Ryan F. Stephan* (IL BPR # 6273101)
Michael J. Casas* (IL BPR # 6343255)
Gillian Kimmons* (IL BPR # 6349546)
**STEPHAN ZOURAS, LLC**
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
mcasas@stephanzouras.com
gkimmons@stephanzouras.com

*Attorneys for Plaintiff and the Putative Class*

*Mr. Stephan, Mr. Zouras, Mr. Casas, and Ms. Kimmons, members of the Illinois bar, intend to seek *pro hac vice* admission in this case.