UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA BORRETT,<br>Plaintiff,<br><br>v.<br><br>AHS MANAGEMENNT COMPANY, INC., d/b/a ARDENT HEALTH SERVICES,<br>Defendant. | Case No. 3:26-cv-01089<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is "Plaintiff's Motion and Memorandum of Law for Leave to File Unredacted Copy of Complaint Exhibit A Under Seal" (Doc. No. 7, "Motion to Seal").[1] Therein, Plaintiff requests that one unredacted document be placed under seal (Doc. No. 8, the "Proposed Sealed Document"). A redacted version of the Proposed Sealed Document was previously filed as Exhibit A to the underlying Complaint (Doc. No. 1-1, "Exhibit A"). Because the Motion to Seal was filed one day after the Complaint was filed and before Defendant was served (Doc. No. 16), the parties had not then conferred on the relief requested (Doc. No. 7 at p. 3). *See* M.D. Tenn. 7.01(a)(1). To date, Defendant has now appeared, joined the confidentiality order (Doc. No. 26), and filed the pending motion to dismiss (Doc. No. 30); however, because Defendant has not since responded to the Motion to Seal, it is deemed unopposed.[2] *See* M.D. Tenn. 7.01(a)(3). For the reasons described herein, the Motion to Seal is DENIED WITHOUT PREJUDICE (Doc. No. 7).

---

1 This matter was referred to the Magistrate Judge for case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A) (Doc. No. 9).

2 To be clear, just as confidentiality agreements do not bind the Court in deciding whether to seal a document, that the Motion to Seal proceeds unopposed does not sway the analysis here. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016).

A party seeking to seal a document from public view must provide "compelling reasons" to "overcome the presumption that court records are open to the public" and also demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." M.D. Tenn 5.03(c); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016). Even where no party objects, it is well established that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir.1983).

According to Plaintiff, the Proposed Sealed Document lists six long-form URLs that Defendant purportedly used to transmit Plaintiff's personal health information ("PHI") and healthcare activity data to unauthorized third parties (Doc. No. 7 at p. 2). The Motion to Seal, however, effectively offers only the bare bones of substantive argument. That is, Plaintiff offers that (i) PHI is typically recognized as confidential and thus outweighs public interest and (ii) the request is specifically limited to portions of Exhibit A rather than the underlying Complaint (*Id.*). As a result, Plaintiff does not present argument specific to the URLs that are directly relevant to Plaintiff's claim or explain how the general public might, if unsealed, delicately translate the character and number specific coding inherent to long-form URLs into identifiable personal identifiers and related medical information inherent to PHI. Put another way, Plaintiff has not provided sufficient factual or legal argument regarding the link between the URLs and the PHI. Instead, Plaintiff essentially rests on the standalone conclusion that the URLs are PHI.

Further, Plaintiff makes no mention of the clear difference between the six URLs.[3] To the extent the Court agrees that the long-form URLs qualify as PHI, which Plaintiff has not yet successfully carried, Plaintiff has also not explained how the three short-form URLs similarly transmit PHI—*e.g.*, embedded tracking and/or analytics—or how the limited redactions to the short-form URLs are narrowly tailored to identifying PHI. *Brown & Williamson Tobacco Corp.*, at 1179 ("Sixth Circuit precedent supports such a sealing so long as the redactions are narrowly tailored to seal only the personally identifying information.").

Accordingly, the Motion to Seal (Doc. No. 7) is DENIED WITHOUT PREJUDICE. However, because PHI invites a significant and substantial risk to privacy and personal dignity, the Court will afford Plaintiff a second opportunity to submit a properly supported motion to seal within 14 days of the date of this Order. The Proposed Sealed Document (Doc. No. 8) will remain provisionally under seal and, if no such motion to seal is filed within this timeframe, the Clerk of Court is DIRECTED to REPLACE Doc. No. 1-1 with Doc. No. 8.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

3 By example, the third, fourth, and sixth URL appear to be short-form URLs, rather than long-form URLs, related to generally available webpages (Doc. No. 8).